IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN C. WHITE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LOWE'S HOME CENTERS, LLC | : | NO. 16-1543 |

<u>MEMORANDUM</u>

Dalzell, J.                                                    August 10, 2016

## I.    <u>Introduction</u>

We consider here defendant Lowe's Home Centers, LLC's ("Lowe's") motion to dismiss Counts V-VII of plaintiff Stephen White's First Amended Complaint.  White brings this action alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq., and breach of an express contract, promissory or equitable estoppel, and breach of implied warranty of good faith and fair dealing claims under Pennsylvania law.

We have federal question jurisdiction over White's Title VII claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367.  Lowe's moves to dismiss White's breach of contract, promissory or equitable estoppel, and breach of implied warranty of good faith and fair dealing claims pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, we will grant-in-part and deny-in-part Lowe's motion.

## II.    <u>Standard of Review</u>

A defendant moving to dismiss under Fed R. Civ. P. 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief.  <u>See</u> Fed. R. Civ. P. 12(b)(6); <u>see also</u>, <u>e.g.</u>,

Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim to relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

As the Supreme Court stresses, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action…do not suffice." Id.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.  The Court further notes that analyzing claims is a "context-specific task" that requires judges to use their "judicial experience and common sense" when ultimately deciding whether or not a plaintiff has pled sufficient factual content to plausibly state a claim for relief. Iqbal, 556 U.S. at 679.

In the wake of Twombly and Iqbal, our Court of Appeals laid out a two-part test to apply when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted).  In deciding a motion to dismiss, we may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims

2

are based on the document." <u>Pension Benefits Guar. Corp. v. White Consol. Indus., Inc.</u>, 998

F.2d 1192, 1196 (3d Cir. 1993).

We recite the facts as they appear in the First Amended Complaint.

### III.    <u>Factual Background</u>

Plaintiff Stephen White began working for Lowe's in 2007 and remains a Lowe's

employee today.  Am. Compl. at ¶ 7.  White is currently classified as a Level IV Customer

Service Associate ("CSA"), and Level IV is the highest pay grade for a Lowe's CSA.  <u>Id.</u> at ¶¶

12-13.  White has received numerous awards and customer appreciation letters during his time at

Lowe's, with customers describing his service as "extraordinary" and "exceptional."  <u>Id.</u> at ¶ 16.

Lowe's has several job classifications with pay ranges higher than those of a Level IV CSA --

one of them being the Sales Specialist classification.  <u>Id.</u> at ¶ 15.

In 2009, Lowe's announced layoffs that would have affected White.  <u>Id.</u> at ¶ 18.  Lowe's

gave White and other similarly-situated employees the option of either accepting a severance

package or remaining with the company and transferring to a Sales Specialist position.  In a letter

dated March 3, 2009, Lowe's offered White "the position of Sales Specialist" beginning on April

4, 2009, and White accepted this offer.  <u>Id.</u> at ¶ 20 and Ex. C.  White relied on this offer of

employment as a Sales Specialist when he decided to turn down the severance package Lowe's

offered and instead remain with the company.  <u>Id.</u> at ¶ 21.

But, after White had accepted this offer, Lowe's informed him that there were no open

Sales Specialist positions at his current store, and offered to transfer him to another store where a

Sales Specialist position was about to open up.  <u>Id.</u> at ¶¶ 22-23.  White accepted this offer and

began working at that Lowe's store in July of 2009, but not as a Sales Specialist.  <u>Id.</u> at ¶ 25.  In

November of that year, the Sales Specialist position promised to White came up after an

employee retired, but Lowe's instead chose another employee for the position. Id. at ¶ 27. White contends that he would not have transferred stores or passed on the offer for a severance payment had he known he would not receive a Sales Specialist position. Id. at ¶ 30.

Over the next five years, White applied for numerous promotions at Lowe's, including several open Sales Specialist positions, but all of his applications were unsuccessful. Id. at ¶¶ 33-44. In July of 2014, White wrote an email to Lowe's Human Resources Manager complaining about Lowe's not promoting him to a job which he was promised five years earlier, and the H.R. Manager replied that she would "look into it." Id. at ¶¶ 53-55. Needless to say, White did not receive any further response from Human Resources, nor was he promoted to Sales Specialist. Id.[1]

White initiated this action on April 5, 2016, and filed his First Amended Complaint on May 18, 2016. Lowe's timely filed its motion to dismiss Counts V-VII of White's First Amended Complaint for failure to state a claim.

## IV. **Discussion**

Lowe's moves to dismiss White's breach of contract, promissory or equitable estoppel, and breach of implied warranty of good faith and fair dealing claims. We will analyze each claim separately.

### A. **Breach of Contract**

Lowe's first moves to dismiss White's breach of contract claim, arguing that White's status as an at-will employee meant that Lowe's could not breach a contract for a certain employment position because White could have been removed from said position at any time.

---

[1] White's First Amended Complaint also contains factual averments regarding race and age discrimination, but since Lowe's has not moved to dismiss those Counts of White's complaint, we need not discuss those averments here.

Lowe's further asserts that White's breach of contract claim is barred by Pennsylvania's four-year statute of limitations.  We disagree with both of Lowe's assertions.

   To be sure, White's employment with Lowe's was at-will employment, not only because Pennsylvania law assumes all employment is at-will unless otherwise specified, see Weaver v. Harpster, 975 A.2d 555, 562 (Pa. 2009), but because White's contract with Lowe's explicitly states as much.  See Am. Compl. at Ex. C.  Other judges on this court have been quick to dismiss claims for breach of contract in employment cases where an employer has unilaterally changed the compensation or terms of employment for an at-will employee.  See Divenuta v. Bilcare, Inc., No. 09-3657, 2011 WL 1196703, at *3-4 (E.D. Pa. Mar. 30, 2011); Woods v. Era Med LLC, 677 F. Supp. 2d 806, 819 (E.D. Pa. 2010); Dicks v. Information Technologists, Inc., No. 95-103, 1996 WL 528890, at *3 (E.D. Pa. Aug. 29, 1996) ("The power to discharge an employee must subsume the power to change, prospectively, the terms of employment.").  But these cases were all decided at the summary judgment stage after both parties had the benefit of discovery. Moreover, our colleague, Judge Pappert, recently found that it was inappropriate to toss a cognate breach of contract claim at the motion to dismiss stage, stating that provisions of an at-will contract still required factual inquiries.  Judge Pappert held that since "[p]laintiffs ha[d] not yet had the opportunity to conduct any discovery…[d]ismissing these claims at [the motion to dismiss] stage is unwarranted…"  Romero v. Allstate Ins. Co., No. 01-3894, 2016 WL 1056698, at *13-15 (E.D. Pa. Mar. 17, 2016).  We agree and find that White has pled facts stating a facially plausible breach of contract claim, and thus we will not dismiss this claim so early in the litigation.

We also reject Lowe's argument that Pennsylvania's four-year statute of limitations for contract claims[2] bars White's claim for breach of contract.  Although the defenses in Fed. R. Civ. P. 12(b)(6) do not include limitations defenses, our Court of Appeals permits a limitations defense to be raised by a Rule 12(b)(6) motion, but only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir.2002) (quoting Hanna v. United States Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir.1975)). If the bar is not facially apparent, then it may not afford the basis for a dismissal under Rule 12(b)(6). Id. (citing Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir.1978)).  Here, White has pled facts that could support the finding that his contract claims are equitably tolled due to continuing violations under the periodic payment rule, see Total Control Inc. v. Danaher Corp., 359 F. Supp. 2d 387, 391 (E.D. Pa. 2005), since White has continued to receive paychecks from Lowe's without receiving the promised promotion and higher pay rate.  We therefore reject this argument as well.

### B.    Promissory or Equitable Estoppel

Lowe's also moves to dismiss White's promissory or equitable estoppel claim, and we find that White cannot sustain this claim.  Pennsylvania law does not recognize a promissory or equitable estoppel claim in the context of at-will employment.  See Paul v. Lankenau Hosp., 569 A.2d 346, 348 (Pa. 1990) (finding that equitable estoppel is not an exception to the doctrine of at-will employment); Dyche v. Bonney, 277 F. App'x 244, 246 (3d Cir. 2008) (holding that Paul applies to both the affirmative defense of equitable estoppel and the related cause of action promissory estoppel because Paul rejected the theory that detrimental reliance was an exception

---

[2] See 42 Pa. C.S.A. § 5525(a).

to the at-will employment doctrine).  As White cannot plead facts to support a cause of action not available to him, we will dismiss this claim with prejudice.[3]

### C.    Breach of Implied Warranty of Good Faith and Fair Dealing

Finally, Lowe's lastly moves to dismiss White's breach of implied warranty of good faith and fair dealing claim, and we find that, like his promissory estoppel claim, White cannot bring this claim under Pennsylvania law.  The Pennsylvania Superior Court held in Donahue v. Federal Exp. Corp., 753 A.2d 238, 243 (Pa. Super. Ct. 2000), that a plaintiff "cannot as a matter of law maintain an action for breach of the implied duty of good faith and fair dealing, insofar as the underlying claim is for termination of an at-will employment relationship."  Of course, this matter does not involve a termination -- instead, it involves the failure to deliver a promised promotion and accompanying pay raise.  But it takes no leap of logic to find that if a plaintiff cannot sustain a breach of this implied warranty after termination, she or he certainly cannot sustain said claim while still employed.  To allow this would give employers perverse incentives to fire employees in situations similar to White's.  As is the case with his promissory estoppel claim, White cannot plead facts sufficient to support a cause of action not available to him, and thus we will dismiss this claim with prejudice.

### V.    Conclusion

Pennsylvania law does not support a cause of action for either promissory estoppel or breach of implied warranty of good faith and fair dealing claims in the context of at-will employment, and we will therefore dismiss Counts VI and VII of White's First Amended Complaint with prejudice.  But White has pled facts sufficient to support his breach of contract

---

[3] Courts may deny a plaintiff leave to amend a complaint if amendment would be futile as is the case here.  See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

claim.  To be sure, we may revisit this claim should this case reach summary judgment, but it is wholly inappropriate to toss at this early stage of the litigation.  In sum, we will grant-in-part and deny-in-part Lowe's motion to dismiss.  An appropriate Order follows.


BY THE COURT:


  /s/ Stewart Dalzell, J.
Stewart Dalzell, J.


8